IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 09-775 |
| CRAIG STECKEL | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

**I.    Background**

The defendant, Craig Steckel, is charged in a superseding indictment with three counts of distribution of oxycodone, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C) (Counts One through Three), all arising from his illegal distributions of prescription medications to Boeing Company Integrated Defense Systems employees.

The defendant has notified the United States through his counsel, Mark P. Much, Esquire, that he intends to plead open to the charges against him.  There is no agreement between the parties respecting the guilty plea that the defendant will tender to the Court pursuant to Federal Rule of Criminal Procedure 11.  A change of plea hearing is scheduled for Thursday, June 6, 2013, at 11:00 a.m.

**II.   Essential Elements of the Offense**

To establish a violation of Title 21, United States Code § 841(a)(1) (distribution of oxycodone) (Counts One through Three), the government must prove the following elements beyond a reasonable doubt:

1. That the defendant distributed a controlled substance, in this case, oxycodone; and

2. The defendant did so knowingly or intentionally.

**III.**     **<u>Statutory Maximum Sentence</u>**

The Court may impose the following statutory maximum sentence: Counts One through Three (distribution of oxycodone, in violation of Title 21, United States Code, Section 841(a)(1)), 20 years imprisonment, three years up to a lifetime of supervised release, a $1,000,000 fine, and a $100 special assessment.

<u>Total Maximum Sentence</u>: 60 years imprisonment, three years up to a lifetime of supervised release, a $3,000,000 fine, and a $300 special assessment

The defendant further understands that supervised release may be revoked if its terms and conditions are violated.  When supervised release is revoked, the original term of imprisonment may be increased by up to two years per count of conviction.  Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

**IV**.     **<u>Factual Basis for the Plea</u>**

If this case were to proceed to trial, the government would introduce evidence, through witnesses and documentary exhibits, which would establish the following facts:

On December 10, 2008, the defendant met with an individual cooperating with the government (the "CS") inside of a building on the Boeing Company's Ridley Park, PA campus, and sold to him/her 20 Oxycontin 40mg tablets, each of which is a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, for $400 (Count One).

On January 31, 2009, the defendant again met with the CS, this time in the McDonald's parking lot located at Route 420 and Chester Pike, and sold to him/her 15 Oxycontin 40mg tablets, each of which is a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, for $300 (Count Two).

On May 13, 2010, the defendant met with a second individual cooperating with the government ("CS2") inside of a building on the Boeing Company's Ridley Park, PA campus, and sold to him/her 5 Oxycontin 80mg tablets, each of which is a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, for $200 (Count Three).

This memorandum sets forth only the essential facts that would need to be proved to establish the elements of the offenses charged.

## VI.   Conclusion

The United States respectfully submits that this summary of evidence provides a factual basis for the guilty plea by the defendant to the three counts of the superseding indictment charging him with distribution of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C) (Counts One through Three).   The government respectfully requests that the Court accept the defendant's plea of guilty.

Respectfully submitted,
ZANE DAVID MEMEGER
United States Attorney

_____/s/_____
FAITHE MOORE TAYLOR
ASHLEY K. LUNKENHEIMER
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing to be served by electronic filing or email upon the following:

Mark P. Much, Esquire
Attorney for Craig Steckel


\_\_\_\_\_/s/_____
ASHLEY K. LUNKENHEIMER
Assistant United States Attorney

Dated:  June 3, 2013